# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### NO: 3:04CR201

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | ) | |
| | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| VINTAGE PHARMACEUTICALS, INC. | ) | |
| WILLIAM PROPST, SR., | ) | |
| WILLIAM PROPST, JR., and | ) | |
| QUALITEST PHARMACEUTICALS, INC., | ) | |
|     Defendants. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendants' Motion for Reconsideration of Court's Order Denying Issuance of FDA Subpoena" ("Motion for Reconsideration") (Document No. 90), filed April 12, 2005 by Vintage Pharmaceuticals, Inc. ("Vintage"), Qualitest Pharmaceuticals ("Qualitest"), William Propst, Sr. and William Propst, Jr.; the "Government's Opposition to Defendants' Motion for Reconsideration ..." (Document No. 93), filed April 29, 2005 by the United States of America; and the "Reply Brief in Support of Defendants' Motion ..." (Document No. 97), filed May 12, 2005 by Vintage, Qualitest, Mr. Propst, Sr. and Mr. Propst, Jr.

After careful consideration of the written arguments, the Court declines to reconsider its Order, entered April 8, 2005, in which the Court refused to issue a subpoena to the FDA for the production of all documents within five categories outlined by Vintage, Mr. Propst, Sr. and Mr. Propst, Jr. The United States has acknowledged, and continues to acknowledge, that Vintage, Qualitest, Mr. Propst, Sr. and Mr. Propst, Jr. are entitled to discovery of certain materials pursuant

to Rule 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the "open file" policy followed by the United States in the Western District of North Carolina.  As such, the United States has represented, and continues to represent, to the Court that it is taking all practical steps to comply with those discovery obligations.  Subsequent to the filing of the Motion for Reconsideration, the United States produced thousands of pages of documents and a privilege log.  Indeed, Vintage, Qualitest, Mr. Propst, Sr. and Mr. Propst, Jr. are already contesting whether that production is full and complete in another motion pending before the Court, the "Defendants' Motion to Compel Discovery" ("Motion to Compel") (Document No.  103), filed May 25, 2005.  The Court again concludes that the issuance of a subpoena to the FDA, which – even according to Vintage, Qualitest, Mr. Propst, Sr. and Mr. Propst, Jr. – is directed towards the same end as the Motion to Compel, is neither necessary to ensure the United States' continued compliance with its discovery obligations nor appropriate to the particular circumstances of this case.

The undersigned notes again with disappointment the continued highly contentious nature of this litigation.  While the Court understands and respects the ethical obligations of all attorneys in the case to zealously represent their clients, and therefore to file such motions as are warranted by the facts and the law, the Court will not tolerate the waste of judicial resources engendered by repetitive or baseless filings.  If presented with such a situation, the Court will not hesitate to impose appropriate sanctions on the party – or the attorney – responsible .

**IT IS, THEREFORE, ORDERED** that the "Defendants' Motion for Reconsideration of Court's Order Denying Issuance of FDA Subpoena"(Document No. 90) is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties and the

Honorable Graham C. Mullen.

**Signed: June 13, 2005**

David C. Keesler
United States Magistrate Judge