IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO: 3:04CR201

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      Plaintiff )<br>)<br>vs. )<br>)<br>VINTAGE PHARMACEUTICALS, INC. )<br>WILLIAM PROPST, SR., )<br>WILLIAM PROPST, JR., and )<br>QUALITEST PHARMACEUTICALS, INC., )<br>      Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** in preliminary response to the "Motion to Dismiss Indictment or, in the Alternative, for an Evidentiary Hearing" ("Motion to Dismiss") (Document No. 45), filed December 4, 2004 by Vintage Pharmaceuticals, Inc. ("Vintage"), William Propst, Sr. and William Propst, Jr. (collectively with Mr. Propst, Sr., the "Propsts"); the "Government's Opposition to Vintage's Motion to Dismiss Indictment" (Document No. 70), filed February 3, 2005 by the United States of America; and the "Reply Brief in Support ..." (Document No. 79), filed March 8, 2005 by Vintage and the Propsts. On March 16, 2005, Qualitest Pharmaceuticals, Inc. ("Qualitest") made its initial appearance and was arraigned. At that time, Qualitest also moved the Court to join the pending Motion to Dismiss.

**An evidentiary hearing on the Motion to Dismiss shall be held in front of the undersigned during the week of September 6, 2005.** The parties should confer as to an available date and time for said evidentiary hearing and contact the Court as soon as practicably possible with respect to the proposed date and time, as well as an estimated length of the evidentiary hearing.

1

The Court has carefully reviewed the written submissions of the parties regarding which witnesses should testify at the evidentiary hearing on the motion to dismiss. Vintage, Qualitest and the Propsts make a strong case, and the Court is inclined to agree, that the eleven witnesses they seek <u>may</u> be able to provide relevant testimony during the evidentiary hearing.[1] Nonetheless, the Court questions whether the testimony of all eleven witnesses is, in fact, necessary to the adjudication of the motion to dismiss. The United States, for its part, asserts in blanket fashion that the testimony of all eleven witnesses should not be permitted based on privilege. Despite the United States' urging to the contrary, the Court cannot – at this time – draw the whole cloth conclusion that any and all testimony offered by those witnesses in a hearing on the motion to dismiss would violate privilege.

The Court respectfully suggests that the parties consult in order to reach partial or total consensus regarding which witnesses are to testify and on what subjects. Failing this, the presence of the witnesses should be sought, and in the case of the United States, sought to be prevented, consistent with the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED**.

---

[1] The eleven witnesses sought by Vintage, Qualitest and the Propsts are Karen Valentine, Joseph Famulare, Barry Rothman, Frederick Blumenschein, Carl Turner, Philip Campbell, Penny McCarver, Eric Blumberg, Jennifer Kaufman, Ballard Graham and Barbara Wood.

**Signed: August 4, 2005**

David C. Keesler
United States Magistrate Judge