UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:04CR201

FILED
IN COURT
CHARLOTTE, N. C.

JUN 8 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| VINTAGE PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendant. ) | |

BASED UPON the terms of the plea agreement between the United States of America and defendant, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, 26 U.S.C. § 5872, and/or 28 U.S.C. § 2461(c):

   A monetary judgment in the amount of $1,200,000.00, which sum represents proceeds obtained, directly or indirectly, from violation(s) of Title 21, United States Code; defendant agrees to tender a check in the amount of $1,200,000.00 as a substitute *res*;

2. The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. A forfeiture money judgment in the amount of $1,200,000.00 shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the defendant in accordance with the substitute asset provisions of 21 U.S.C. § 853(p);

4. This order shall constitute the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset constitutes property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, 26 U.S.C. § 5872, and/or 28 U.S.C. § 2461(c) or is a substitute *res* for such property. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

Michael E. Savage
Assistant United States Attorney

Vintage Pharmaceuticals, Inc.
By: Thomas Young, Chief Executive Officer
Defendant

Mark Brown
Attorney for Defendant

Signed this the 8th day of June, 2006.

GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE